**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN O'HAGAN, on behalf of | ) | |
| Himself and others similarly situated, | ) | 1:11-cv-5269 |
| Plaintiff, | ) | |
| | ) | Judge Zagel |
| v. | ) | Magistrate Judge Ashman |
| | ) | |
| BLUE RIBBON TAXI ASSOCIATION, INC., | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO COMPEL AND DEEM REQUESTS ADMITTED**

Plaintiff respectfully requests that this Court compel defendant to respond to plaintiff's discovery, and deem requests for admission as admitted. In support of this motion, plaintiff states:

1.      This is a Fair Credit Reporting Act, 15 U.S.C. §1681c(g) case alleging that the defendant taxi cab company provided plaintiff and others with credit card receipts that included electronically printed credit card numbers and expiration dates.  On December 1, 2011, this Court entered default, and permitted plaintiff to take class discovery.

2.      Plaintiff issued the discovery requests attached as Exhibit A on December 5, 2011. They were served, along with another copy of the summons and complaint, by mail, fax and personal service, via private process server, who personally served the president of the company. Exhibits B & C.

3.      Blue Ribbon did not respond to the discovery within 30 days, did not object to the discovery, and did not respond to counsel's request to meet and confer regarding the discovery. Exhibit D. Plaintiff therefore requests that the Court enter an order compelling

responses, without regard to objections, and deeming requests for admission to be admitted for purposes of this case.

4.	As explained below, failure to respond or object as to Fed.R.Civ.P. 33, 34 and 36, results in waiver of objections.

5.	Interrogatories: Fed.R.Civ.P. 33 permits parties to issue interrogatories. Rule 33(b)(2) sets the time for answers and objections at 30 days, and 33(b)(4) indicates that untimely objections are waived.  An exception exists if "the court, for good cause, excuses the failure." *Id.* Here, no good cause exists. defendant has simply ignored the case, and the discovery requests. The Court should compel production of complete responses to the interrogatories issued, without regard to any objections.

6.	"There is no provision in the Federal Rules for preserving objections. . . Having failed to answer or make specific legitimate objections to particular interrogatories within the time allowed, defendants were held to have waived objections to all interrogatories."  Hobley v. Burge, 2003 U.S. Dist. LEXIS 20585, at *11 (N.D.Ill. 2003); *vacated on other grounds*, 433 F.3d 946, 947 (7th Cir. 2006); *Autotech Technologies Limited Partnership v. Automationdirect.com, Inc.*, 236 F.R.D. 396, 398 n.2 (N.D. Ill. 2006) (Cole, J). Consistent with its apparent strategy in this case, Blue Ribbon has ignored the interrogatories that plaintiff issued. It should be compelled to provide full responses, and respond to all interrogatories without regard to objections.

7.	Document Requests: Fed.R.Civ.P. 34 permits the issuance of document requests. This rule similarly requires that objections be made within 30 days. Blue Ribbon has not produced any documents at all, and has not objected in any way. Plaintiff therefore requests

2

that the Court issue an order compelling it to provide full responses, without regard to any objections it might otherwise make.

8.      Requests for Admission:  Fed.R.Civ.P. 36(a)(1) permits parties to serve upon other parties written requests to admit that bear on "any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either…" The rule provides that "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

9.      Defendant has not responded to plaintiff's properly issued and served requests for admission within 30 days, and have failed to engage in any meet and confer talks about discovery. While plaintiff typically would not request this type of relief as to requests for admission, he respectfully submits that deeming requests admitted in a case like this, where defendant knows about the litigation and discovery and is choosing to ignore it, is appropriate. *United States v. Kasubosk*i, 834 F.2d 1345, 1350 (7th Cir. 1987). The requests should be deemed admitted for purposes of this case.

10.     Because Blue Ribbon has failed to respond to plaintiff's complaint and discovery, and because it has refused to enter into meet and confer talks with regard to the discovery, plaintiff respectfully requests that the Court compel it to respond to all discovery requests without regard to any objections, and that it deem the requests for admission admitted for all purposes in this case.

WHEREFORE, plaintiff respectfully requests that the Court enter an order compelling defendant to respond to plaintiff's interrogatories and requests for production of documents and data, and deem plaintiff's requests for admission as admitted.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601#
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN O'HAGAN, on behalf of | ) | |
| Himself and others similarly situated, | ) | 1:11-cv-5269 |
| Plaintiff, | ) | |
| | ) | Judge Zagel |
| v. | ) | Magistrate Judge Ashman |
| | ) | |
| BLUE RIBBON TAXI ASSOCIATION, INC., | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

### PLAINTIFF'S FIRST DISCOVERY REQUESTS

Plaintiff Kevin O'Hagan ("Plaintiff" or "O'Hagan") hereby requests that defendant Blue Ribbon Taxi Association, Inc., ("Blue Ribbon" or "you") respond to the following requests for admissions, interrogatories, and document requests. Documents should be compiled, or scanned if impossible or impracticable to compile, and sent to plaintiff's counsel on the date the response is due.

**Please note that we will seek to bar any information or theories not specifically disclosed.**

Throughout this request:

1.     Unless otherwise specified in a particular paragraph, the time period covered by this request is January 1, 2007 to the present.

2.     If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

1

3.      If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

4.      All requests are also directed to all parent, related, affiliate and subsidiary companies of defendant, to the greatest extent permissible under the discovery rules.

5.      The requested materials should be produced in native format with all metadata intact, together with a bates-stamped copy produced in pdf format to help keep track of materials that have, or have not, been produced. To the extent that defendant finds this to be unduly burdensome for any particular document or set of documents, plaintiff asks that defendant explain in what format it maintains such materials in its written response, and timely meet and confer with plaintiff's counsel regarding these issues before the responses are due. Data for class members should be produced in sql format; plaintiff's counsel requests that defense counsel meet and confer with plaintiff before the responses are due with regard to formatting in order to make such process as efficient as possible.

6.      For any request, if you contend that providing a complete response to any request is impracticable or impossible, please provide the most complete response as possible, explain what components or responsive information or documents is missing, and why you contend production of those materials is impossible or impracticable.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit A.

2

If you contend that any paragraph of this request is ambiguous or unduly burdensome, please contact the undersigned immediately upon recognition of this contention, and an effort will be made to remedy the problem.

## REQUESTS FOR ADMISSION

1.      You provided plaintiff with a taxi ride on February 8, 2011.

2.      At or near the end of that taxi ride on February 8, 2011, you electronically printed, and provided plaintiff, a receipt that had his entire credit card number, and his credit card expiration date on it.

3.      A copy of the receipt you provided to plaintiff is attached as Exhibit A.

4.       Your policy is to print credit card receipts in the taxi, around the time (or just after) the transaction has been effectuated, and to provide the receipt to the customer.

5.      Your taxi drivers are directed to keep copies of credit card receipts, and provide them to you.

6.      You provided more than 100 customers electronically printed credit card receipts with the entire card number electronically printed on them, during 2010.

7.      You provided more than 1,000 customers credit card receipts with the entire card number electronically printed on them, during 2010.

8.      You provided more than 10,000 customers credit card receipts with the entire card number electronically printed on them, during 2010.

9.      You provided more than 3,000 taxi rides where the customer paid with a credit card in 2010.

3

10.     You knew that it was a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g) to print and provide an electronically printed credit card receipt that had the card number on it to a customer, during all of 2010.

11.     You knew that it was a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g) to print and provide a credit card receipt that had the card number on it to a customer, during January and February 2011.

12.     You received actual notice that the Fair Credit Reporting Act, 15 U.S.C. §1681c(g) prohibits printing credit card account numbers on credit card receipts provided to customers, before August 3, 2009.

13.     You received actual notice that the Fair Credit Reporting Act, 15 U.S.C. §1681c(g) prohibits printing expiration dates on credit card receipts provided to customers, before August 3, 2009.

## INTERROGATORIES

1.     Identify all transactions where you provided an electronically printed credit card receipt to a customer, between August 3, 2009, and August 23, 2011. Include all information you have about each individual transaction, including but not limited to: the date and time, credit card number, transaction number, amounts involved, taxi number, taxi driver, credit card processer, bank(s) involved and any other information you have.

2.     Identify each of the above transactions (along with the total number of such transactions), where the receipt provided to the customer had either the entire credit card number, and/or the expiration date on it.

4

3.      Identify all persons or companies that you work with pertaining to credit card transactions, e.g. banks and processing companies, what the persons or companies do as to those transactions, and what those persons or companies did for any transaction in interrogatories 1 and 2.

4.      Identify all insurance policies and bonds.

5.      Identify all persons whose responsibilities included ensuring compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, including but not limited to the credit card truncation requirements of section 1681c(g).

6.      Identify all documents that you have or had between 2002 and the present that mention credit card receipt truncation. (Likely sources of such information are credit card processor statements, emails, faxes advertising or bank statements).

7.      Identify all facts and law you contend support any defense or affirmative defense you have raised or will raise in this case, as to plaintiff and any putative class member. A complete answer will at least: explain the defense, cite the facts the support the defense (including citation to bates number, or descriptions of the location and custodian for documents that are not produced), identify each person(s) with information regarding the defense and state what information each person has, how any documents, legal theories, and how data or testimony applies to such legal theories. **Please note, we will seek to bar any information or theories not specifically disclosed.**

8.      With respect to each expert, retained or non-retained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his

5

expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1.      All documents, records, data, recordings and other materials relating to plaintiff, his credit card, Exhibit A, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff or any transaction where plaintiff was a party.

2.      A copy of each credit card receipt between August 3, 2009, and August 23, 2011.

3.      A copy of any document that supports or refutes any defense or affirmative defense you have.

4.      All documentation that concerns or relates to any of the following persons or transactions:

All transactions where you provided an electronically printed credit card receipt to a customer, between August 3, 2009, and August 23, 2011.

5.      All contracts, data and communications (including internal and external) that concern credit cards, and credit card processing.

6.      All documents concerning any complaint (formal or informal) that you printed more information than appropriate on a credit card receipt. Please include all documents, including but not limited to: the complaint itself, any supporting documentation, your internal documentation, and your response.

6

7.     All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681.

8.     All organizational charts of defendant that include personnel (including persons at affiliates or third parties) credit card processing and compliance with the FCRA.

9.     All organizational charts of defendant showing ownership and/or corporate structure, including all affiliates.

10.     All documents, contracts and communications concerning any third party that deals with credit card processing.

11.     All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice concerning credit card processing or receipt truncation.

12.     All insurance policies, bonds or other agreements that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

13.     All statistics, studies and/or reports concerning account reviews.

14.     All documents relating to the creation or maintenance by defendant of policies, practices or procedures adapted to avoid violations of the F Fair Credit Reporting Act, 15 U.S.C. § 1681b.

15.     All documents that support or refute any defense you have raised or intend to raise in this case.

16.     A copy of all publications, white papers, seminars, or other documents or data that concern compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681.

7

/s/Alexander H. Burke

## BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**INSTRUCTIONS AND DEFINITIONS**

**Definitions**

A. The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or transcriptions of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B. References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C. "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D. "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E. "Identify" or "identification," when used with respect to a document, means to state the general nature' of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

F. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

9

G. "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

H. "Relates" includes constitutes, describes, discusses, ref1ects, refers to, and logically pertains to.

I. "FCRA" means the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

**Instructions**

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8. If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

**CERTIFICATE OF SERVICE**

I, Alexander H. Burke, certify that on December 5, 2011, I served this document facsimile, United States Mail and placed it with a private process server for hand-delivery (along with an additional copy of the summons and complaint) to:

Blue Ribbon Taxi Association, Inc.
4020 W. Glenlake Ave.
Chicago, IL 60646

/s/ Alexander H. Burke

11

# Exhibit A

```
BLUE RIBBON
CAB   3714
4[D5+#++++#+++++
DW000000000000000
000000000000000
02/08/11 TR 4186
START  END  MILES
09:47 10:26 17.7
FARE :  $  35.45
EXTRA:  $   3.00
TOTAL:  $  38.45
TIP:    $_____

TOTAL:  $_____
AMEX
```

# Exhibit B

**Affidavit of Process Server**

O+99an ___ vs Blue Ribbon Taxi Assoc. inc. 1:11cv5269

Plaintiff/Petitioner ___ Defendant/Respondent ___ Case#

Being duly sworn, on my oath, I MICHAEL JONSON

declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:** I served Blue Ribbon Taxi Assoc.

NAME OF PERSON/ENTITY BEING SERVED

with the (documents) ☐ Subpoena with $ ___ witness fee and mileage

X Summons & Complaint + discovery Requests

by serving (NAME) SABIR MAHED

at ☐ Home

X Business 4020 W GLEN LAKE, CHICAGO

X on (DATE) 12-6, 11 at (TIME) 9:35 pm

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE) ___

From (CITY) ___ (STATE) ___

**Manner of Service:**

☐ By Personal Service

X By delivering, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof, namely,

SABIR WAHED, PRESIDENT

☐ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers

☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:**

After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address ☐ Evading ☐ Other: ___

☐ Address does not exist ☐ Service cancelled by litigant

☐ Moved, Left no forwarding ☐ Unable to serve in a timely fashion

**Service Attempts:** Service was attempted on: ( ) ___ ,( ) ___ ,( ) ___

DATE TIME ___ DATE TIME ___ DATE TIME

( ) ___ ,( ) ___ ,( ) ___ ,( ) ___

DATE TIME ___ DATE TIME ___ DATE TIME ___ DATE TIME

| **Description:** | | | | | | |
|---|---|---|---|---|---|---|
| X Male | ☐ White Skin | X Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'-5'3" | ☐ 100-130 Lbs. |
| | X Brown Skin | ☐ Blond Hair | | X 36-50 Yrs. | X 5'4"-5'8" | X 131-160 Lbs. |
| ☐ Glasses | ☐ Yellow Skin | ☐ Gray Hair | X Mustache | ☐ 51-65 Yrs. | ☐ 5'9"-6' | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Beard | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

OTHER IDENTIFYING FEATURES: ___

State of Illinois County of Cook

SERVED BY

LASALLE PROCESS SERVERS

Subscribed and sworn to before me

A notary public, this ___ day of December 20 11

ILLINOIS PRIVATE DETECTIVE LICENSE# 117-001432

Notary Public

OFFICIAL SEAL
ANDREW RAPHAEL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/17/15

CHARTER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

# *LaSalle Process Servers L.P.*

# Invoice

**29 S. LaSalle St. Suite 956**
**Chicago, Illinois 60603**
**Phone: 312-263-0620**
**FEIN# 36-4247052**

| DATE | INVOICE # |
|------|-----------|
| 12/9/2011 | 44947 |

PAID

BILL TO
Burke Law Offices, LLC
155 N. Michigan Ave.
Suite 732
Chicago, IL 60601
Attn:Alexander H. Burke

CASE INFO
O'Hagan
vs.
Blue Ribbon Taxi Assoc., Inc.
1:11cv 5269

| DESCRIPTION | AMOUNT |
|-------------|--------|
| Payment on Account | -80.00 |
| Services Rendered | 77.00 |
| Fuel Surcharge | 3.00 |

Summons and Complaint
Blue Ribbon Taxi Assoc.
Call at address given in Chicago on December 6.

CUSTOMER ACCEPTS AND ACKNOWLEDGES ALL INVOICES AS
CORRECT UNLESS NOTICE IS GIVEN TO LASALLE PROCESS
SERVERS L.P. WITHIN FIFTEEN (15) DAYS OF PRESENTATION.

ALL FEES AND CHARGES ARE BASED UPON PROMPT PAYMENT.

ALL INVOICES MUST BE PAID IN FULL WITHIN 90 DAYS. IF ANY
INVOICE REMAINS UNPAID AFTER THE 90-DAY PERIOD, ALL
SERVICES WILL BE SUSPENDED UNTIL THE BALANCE HAS BEEN
PAID IN FULL.

CHECK OUT OUR WEB SITE WWW.LASALLEPROCESSSERVERS.COM
ILLINOIS PRIVATE DETECTIVE LICENSE #117-001432

THANK YOU FOR YOUR BUSINESS. PLEASE REMIT IN 30
DAYS.

**Total** $0.00

# Exhibit C

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME  : 12/05/2011 12:19
                                    NAME  : BURKE LAW OFFICES
                                    FAX   : 3127295289
                                    TEL   : 3127295288
                                    SER.# : D0J371088
```

```
DATE,TIME              12/05  12:17
FAX NO./NAME           917735080128
DURATION               00:02:34
PAGE(S)                22
RESULT                 OK
MODE                   STANDARD
                       ECM
```

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020

Chicago, IL 60610

(312) 729-5288

(312) 729-5289 (fax)

ABurke@BurkeLawLLC.com

*Facsimile Cover Sheet*

To:    **President or Legal Department**
      **Blue Ribbon Taxi Association, Inc.**     773-508-0128

From:  Alexander H. Burke

Re:     Federal Lawsuit

Date:  December 5, 2011

___

Dear Blue Ribbon,

      Please find enclosed discovery requests, which are hereby served upon you.

      Please hire a lawyer to advise you about how to handle these requests, and this case, generally.

Sincerely,

## BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60610
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

*Facsimile Cover Sheet*

To:     **President or Legal Department**          773-508-0128
        Blue Ribbon Taxi Association, Inc.

From:   Alexander H. Burke

Re:     Federal Lawsuit

Date:   December 5, 2011

---

Dear Blue Ribbon,

Please find enclosed discovery requests, which are hereby served upon you.

Please hire a lawyer to advise you about how to handle these requests, and this case, generally.

Sincerely,

Alexander H. Burke

The information transmitted through this communication is intended only for the addressee and may contain confidential and/or privileged material. Any unauthorized interception, review, retransmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is prohibited and may subject the unauthorized person or entity to criminal or civil liability. If you received this communication in error, please contact us immediately at (312) 729-5288, and delete the communication from any computer or network system.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN O'HAGAN, on behalf of | ) | |
| Himself and others similarly situated, | ) | 1:11-cv-5269 |
| Plaintiff, | ) | |
| | ) | Judge Zagel |
| v. | ) | Magistrate Judge Ashman |
| | ) | |
| BLUE RIBBON TAXI ASSOCIATION, INC., | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

<u>**PLAINTIFF'S FIRST DISCOVERY REQUESTS**</u>

Plaintiff Kevin O'Hagan ("Plaintiff" or "O'Hagan") hereby requests that defendant Blue Ribbon Taxi Association, Inc., ("Blue Ribbon" or "you") respond to the following requests for admissions, interrogatories, and document requests. Documents should be compiled, or scanned if impossible or impracticable to compile, and sent to plaintiff's counsel on the date the response is due.

<u>**Please note that we will seek to bar any information or theories not specifically disclosed.**</u>

Throughout this request:

1.      Unless otherwise specified in a particular paragraph, the time period covered by this request is January 1, 2007 to the present.

2.      If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

3.      If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

4.      All requests are also directed to all parent, related, affiliate and subsidiary companies of defendant, to the greatest extent permissible under the discovery rules.

5.      The requested materials should be produced in native format with all metadata intact, together with a bates-stamped copy produced in pdf format to help keep track of materials that have, or have not, been produced. To the extent that defendant finds this to be unduly burdensome for any particular document or set of documents, plaintiff asks that defendant explain in what format it maintains such materials in its written response, and timely meet and confer with plaintiff's counsel regarding these issues before the responses are due. Data for class members should be produced in sql format; plaintiff's counsel requests that defense counsel meet and confer with plaintiff before the responses are due with regard to formatting in order to make such process as efficient as possible.

6.      For any request, if you contend that providing a complete response to any request is impracticable or impossible, please provide the most complete response as possible, explain what components or responsive information or documents is missing, and why you contend production of those materials is impossible or impracticable.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit A.

2

If you contend that any paragraph of this request is ambiguous or unduly burdensome, please contact the undersigned immediately upon recognition of this contention, and an effort will be made to remedy the problem.

## REQUESTS FOR ADMISSION

1.      You provided plaintiff with a taxi ride on February 8, 2011.

2.      At or near the end of that taxi ride on February 8, 2011, you electronically printed, and provided plaintiff, a receipt that had his entire credit card number, and his credit card expiration date on it.

3.      A copy of the receipt you provided to plaintiff is attached as Exhibit A.

4.       Your policy is to print credit card receipts in the taxi, around the time (or just after) the transaction has been effectuated, and to provide the receipt to the customer.

5.      Your taxi drivers are directed to keep copies of credit card receipts, and provide them to you.

6.      You provided more than 100 customers electronically printed credit card receipts with the entire card number electronically printed on them, during 2010.

7.      You provided more than 1,000 customers credit card receipts with the entire card number electronically printed on them, during 2010.

8.      You provided more than 10,000 customers credit card receipts with the entire card number electronically printed on them, during 2010.

9.      You provided more than 3,000 taxi rides where the customer paid with a credit card in 2010.

3

10.     You knew that it was a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g) to print and provide an electronically printed credit card receipt that had the card number on it to a customer, during all of 2010.

11.     You knew that it was a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g) to print and provide a credit card receipt that had the card number on it to a customer, during January and February 2011.

12.     You received actual notice that the Fair Credit Reporting Act, 15 U.S.C. §1681c(g) prohibits printing credit card account numbers on credit card receipts provided to customers, before August 3, 2009.

13.     You received actual notice that the Fair Credit Reporting Act, 15 U.S.C. §1681c(g) prohibits printing expiration dates on credit card receipts provided to customers, before August 3, 2009.

## INTERROGATORIES

1.     Identify all transactions where you provided an electronically printed credit card receipt to a customer, between August 3, 2009, and August 23, 2011.  Include all information you have about each individual transaction, including but not limited to: the date and time, credit card number, transaction number, amounts involved, taxi number, taxi driver, credit card processer, bank(s) involved and any other information you have.

2.     Identify each of the above transactions (along with the total number of such transactions), where the receipt provided to the customer had either the entire credit card number, and/or the expiration date on it.

4

3.      Identify all persons or companies that you work with pertaining to credit card transactions, e.g. banks and processing companies, what the persons or companies do as to those transactions, and what those persons or companies did for any transaction in interrogatories 1 and 2.

4.      Identify all insurance policies and bonds.

5.      Identify all persons whose responsibilities included ensuring compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, including but not limited to the credit card truncation requirements of section 1681c(g).

6.      Identify all documents that you have or had between 2002 and the present that mention credit card receipt truncation.  (Likely sources of such information are credit card processor statements, emails, faxes advertising or bank statements).

7.      Identify all facts and law you contend support any defense or affirmative defense you have raised or will raise in this case, as to plaintiff and any putative class member.  A complete answer will at least: explain the defense, cite the facts the support the defense (including citation to bates number, or descriptions of the location and custodian for documents that are not produced), identify each person(s) with information regarding the defense and state what information each person has, how any documents, legal theories, and how data or testimony applies to such legal theories.  **Please note, we will seek to bar any information or theories not specifically disclosed.**

8.      With respect to each expert, retained or non-retained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his

5

expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1.    All documents, records, data, recordings and other materials relating to plaintiff, his credit card, Exhibit A, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff or any transaction where plaintiff was a party.

2.    A copy of each credit card receipt between August 3, 2009, and August 23, 2011.

3.    A copy of any document that supports or refutes any defense or affirmative defense you have.

4.    All documentation that concerns or relates to any of the following persons or transactions:

All transactions where you provided an electronically printed credit card receipt to a customer, between August 3, 2009, and August 23, 2011.

5.    All contracts, data and communications (including internal and external) that concern credit cards, and credit card processing.

6.    All documents concerning any complaint (formal or informal) that you printed more information than appropriate on a credit card receipt.  Please include all documents, including but not limited to: the complaint itself, any supporting documentation, your internal documentation, and your response.

7.      All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681.

8.      All organizational charts of defendant that include personnel (including persons at affiliates or third parties) credit card processing and compliance with the FCRA.

9.      All organizational charts of defendant showing ownership and/or corporate structure, including all affiliates.

10.     All documents, contracts and communications concerning any third party that deals with credit card processing.

11.     All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice concerning credit card processing or receipt truncation.

12.     All insurance policies, bonds or other agreements that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

13.     All statistics, studies and/or reports concerning account reviews.

14.     All documents relating to the creation or maintenance by defendant of policies, practices or procedures adapted to avoid violations of the F Fair Credit Reporting Act, 15 U.S.C. § 1681b.

15.     All documents that support or refute any defense you have raised or intend to raise in this case.

16.     A copy of all publications, white papers, seminars, or other documents or data that concern compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681.

7

/s/Alexander H. Burke

## BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**Exhibit A**

**INSTRUCTIONS AND DEFINITIONS**

**Definitions**

A. The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or transcriptions of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B. References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C. "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D. "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E. "Identify" or "identification," when used with respect to a document, means to state the general nature' of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

F. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

9

G. "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

H. "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

I. "FCRA" means the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

**Instructions**

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8. If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

## CERTIFICATE OF SERVICE

I, Alexander H. Burke, certify that on December 5, 2011, I served this document facsimile, United States Mail and placed it with a private process server for hand-delivery (along with an additional copy of the summons and complaint) to:

Blue Ribbon Taxi Association, Inc.
4020 W. Glenlake Ave.
Chicago, IL 60646

/s/Alexander H. Burke

11

# Exhibit A



BLUE RIBBON
CAB     3714
4ID5+#++++#+++++
DW00000000000000
00000000000000
00000000000000
02/08/11 TR 4186
START  END MILES
09:47 10:26 17.7
FARE :  $  35.45
EXTRA:  $   3.00
TOTAL:  $  38.45
TIP:    $ _____
TOTAL:  $ _____
AMEX  Exp

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### SUMMONS IN A CIVIL CASE

O'Hagan

| | |
|---|---|
| | CASE NUMBER: 1:11-cv-5269 |
| V. | ASSIGNED JUDGE: Zagel |
| Blue Ribbon Taxi Association, Inc. | DESIGNATED MAGISTRATE JUDGE: Ashman |

TO: (Name and address of Defendant)

Blue Ribbon Taxi Association, Inc.
4020 W. Glenlake
Chicago, Illinois

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
ABurke@BurkeLawLLC.com

an answer to the complaint which is herewith served upon you, within _____21_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

MICHAEL W. DOBBINS, CLERK
(By) DEI

*Yvette Montong*

(By) DEPUTY CLERK

DATE
August 3, 2011

DATE

AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____  _____
           *Date*        *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN O'HAGAN, on behalf of Himself and others similarly situated, Plaintiff, | ) ) ) ) | 1:11-cv-5269 |
| v. | ) ) ) | |
| BLUE RIBBON TAXI ASSOCIATION, INC., Defendant. | ) ) | JURY TRIAL DEMANDED |

## COMPLAINT

## CLASS ACTION

1.     Plaintiff Kevin O'Hagan ("plaintiff"), brings this action to secure redress for improper credit card receipt printing, in violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. §1681c(g) ("FCRA").

2.     Defendant Blue Ribbon Taxi Association, Inc. ("Blue Ribbon") printed plaintiff's entire credit card number on an electronically printed receipt.

## JURISDICTION

3.     This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), because this action arises under the laws of the United States, 47 U.S.C. §227 and 15 U.S.C. §1692k (FDCPA).

4.     Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here.

1

### PARTIES

5.      Plaintiff is an individual that resides in this District.  He has previously been the victim of identity theft.

6.      Blue Ribbon Taxi Association, Inc. is an Illinois corporation.  Its principal place of business is at 4020 W. Glenlake, Chicago, Illinois.

### FACTS

7.      On or about February 8, 2011, plaintiff hired defendant for a taxi cab ride.

8.      Plaintiff paid for the taxi cab ride through use of his American Express credit card.

9.      Defendant processed the credit card in the taxi cab, and provided plaintiff with a receipt that was printed by an electronic machine inside the taxi.

10.     The receipt that defendant provided plaintiff has plaintiff's entire credit card number and expiration date printed on it.

11.     Upon information and belief, based on experience of counsel and the equipment Blue Ribbon used to process the transaction and print the receipt, Blue Ribbon has printed more than fifty electronically printed receipts with the entire credit card number printed on them within two years of filing of this action.

12.     Upon information and belief, based upon the practice of many credit card processing and other types of companies dealing with credit cards to provide information regarding receipt truncation and FACTA, defendant received actual notice that it should truncate credit card numbers from receipts like those given to plaintiff and the class, pursuant to FACTA.

2

13.     Alternatively, defendant should have known about FACTA's receipt truncation requirements, and any actions or omissions relating to such constituted reckless behavior.

## COUNT I - FCRA- CLASS CLAIM

14.     Plaintiff incorporates all previous paragraphs.

15.     It is a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g), to print more than the last four digits of a credit card on an electronically printed receipt.

16.     Blue Ribbon printed all fifteen digits of plaintiff's credit card on the electronically printed receipt that was provided to plaintiff in violation of section 1681c(g).

17.     The violations alleged herein were reckless. 15 U.S.C. §1681n. *Safeco Ins. Co. v. Burr,* 551 U.S. 47, 57 (2007

## Class Allegations

18.     Plaintiff brings Count I on behalf of a class pursuant to Fed.R.Civ.P. 23(b)(3), which consists of:

> All persons to whom Blue Ribbon Taxi Association, Inc. or any affiliate thereof, provided an electronically printed credit card receipt that had more than the last five digits of the credit card number printed on it, where the receipt was printed within two years of the filing of this action.

19.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. The common questions are those upon which liability hinges, including:

> a.     Whether defendant violated 15 U.S.C. §1681c(g) by providing plaintiff and the class members receipts with more than five digits of the credit card number on them, and

3

b. If so, whether the violation was at least reckless, pursuant to 15 U.S.C. §1681c(g); *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 57 (2007).

20.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

21.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

22.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

23.     Indeed, most persons who received credit card receipts from defendant that had their credit card number printed on them probably did not notice such, and likely discarded the receipts, unknowingly exposing themselves to credit card fraud and identity theft.

24.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

25.     The identity of the class is likely readily identifiable from defendant's records, or from third parties.

26.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of themselves and the class and against defendant that provides the following relief:

a.     Statutory damages of between $100 to $1,000 per violation, per class member;

b.     A declaration that defendant violated the FCRA in the manner complained of herein;

c.     Attorney's fees and costs; and

d.     Any other relief the Court finds just and proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all receipts, transaction logs, credit card data, advertising materials, emails, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the printing of credit card receipts, any material that mentions FACTA, the FCRA or credit card truncation requirements, the events described herein, any third party associated with such. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials, and notify the undersigned of the circumstances immediately so that counsel may take appropriate action. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke

# Exhibit D

```
                    TRANSMISSION VERIFICATION REPORT

                                        TIME  : 01/11/2012 11:19
                                        NAME  : BURKE LAW OFFICES
                                        FAX   : 3127295289
                                        TEL   : 3127295288
                                        SER.# : D0J371088


    DATE,TIME                    01/11  11:17
    FAX NO./NAME                 917735080128
    DURATION                     00:01:46
    PAGE(S)                      15
    RESULT                       OK
    MODE                         STANDARD
                                 ECM
```

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020

Chicago, IL 60610

(312) 729-5288

(312) 729-5289 (fax)

ABurke@BurkeLawLLC.com

*Facsimile Cover Sheet*

To:     **President or Legal Department**
        **Blue Ribbon Taxi Association, Inc.**
        **773-508-0128 fax**

From:   Alexander H. Burke

Re:     Federal Lawsuit Against You

Date:   January 11, 2012

**Please see attached correspondence.**

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60610
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

*Facsimile Cover Sheet*

To:     **President or Legal Department**
        **Blue Ribbon Taxi Association, Inc.**
        **773-508-0128 fax**

From:   Alexander H. Burke

Re:     Federal Lawsuit Against You

Date:   January 11, 2012

---

Please see attached correspondence.

The information transmitted through this communication is intended only for the addressee and may contain confidential and/or privileged material. Any unauthorized interception, review, retransmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is prohibited and may subject the unauthorized person or entity to criminal or civil liability. If you received this communication in error, please contact us immediately at (312) 729-5288, and delete the communication from any computer or network system.

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60610
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

January 11, 2012

***Via Facsimile and United States Mail***
Blue Ribbon Taxi Association, Inc.
Attn: President or Legal Department
4020 W. Glenlake Ave.
Chicago, IL 60646
Fax: 773-508-0128

Dear Blue Ribbon,

We have not received responses to our discovery requests, a copy of which is attached for your reference. We suggest that you please consult with an attorney, and have that attorney call me at the above number to meet and confer regarding the responses. Alternatively, please have a person who is authorized to speak on behalf of Blue Ribbon Taxi Association, Inc. contact me directly to meet and confer regarding the responses, or lack thereof.

If we do not hear from anyone by noon on January 18, 2012, we will be filing a motion to compel responses.

Sincerely,

Alexander H. Burke

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN O'HAGAN, on behalf of Himself and others similarly situated, Plaintiff, | ) ) ) ) | 1:11-cv-5269 |
| | ) | Judge Zagel |
| v. | ) ) | Magistrate Judge Ashman |
| BLUE RIBBON TAXI ASSOCIATION, INC., Defendant. | ) ) | JURY TRIAL DEMANDED |

### PLAINTIFF'S FIRST DISCOVERY REQUESTS

Plaintiff Kevin O'Hagan ("Plaintiff" or "O'Hagan") hereby requests that defendant Blue Ribbon Taxi Association, Inc., ("Blue Ribbon" or "you") respond to the following requests for admissions, interrogatories, and document requests. Documents should be compiled, or scanned if impossible or impracticable to compile, and sent to plaintiff's counsel on the date the response is due.

**Please note that we will seek to bar any information or theories not specifically disclosed.**

Throughout this request:

1.      Unless otherwise specified in a particular paragraph, the time period covered by this request is January 1, 2007 to the present.

2.      If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

1

3.      If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

4.      All requests are also directed to all parent, related, affiliate and subsidiary companies of defendant, to the greatest extent permissible under the discovery rules.

5.      The requested materials should be produced in native format with all metadata intact, together with a bates-stamped copy produced in pdf format to help keep track of materials that have, or have not, been produced. To the extent that defendant finds this to be unduly burdensome for any particular document or set of documents, plaintiff asks that defendant explain in what format it maintains such materials in its written response, and timely meet and confer with plaintiff's counsel regarding these issues before the responses are due. Data for class members should be produced in sql format; plaintiff's counsel requests that defense counsel meet and confer with plaintiff before the responses are due with regard to formatting in order to make such process as efficient as possible.

6.      For any request, if you contend that providing a complete response to any request is impracticable or impossible, please provide the most complete response as possible, explain what components or responsive information or documents is missing, and why you contend production of those materials is impossible or impracticable.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit A.

2

If you contend that any paragraph of this request is ambiguous or unduly burdensome, please contact the undersigned immediately upon recognition of this contention, and an effort will be made to remedy the problem.

## REQUESTS FOR ADMISSION

1.      You provided plaintiff with a taxi ride on February 8, 2011.

2.      At or near the end of that taxi ride on February 8, 2011, you electronically printed, and provided plaintiff, a receipt that had his entire credit card number, and his credit card expiration date on it.

3.      A copy of the receipt you provided to plaintiff is attached as Exhibit A.

4.       Your policy is to print credit card receipts in the taxi, around the time (or just after) the transaction has been effectuated, and to provide the receipt to the customer.

5.      Your taxi drivers are directed to keep copies of credit card receipts, and provide them to you.

6.      You provided more than 100 customers electronically printed credit card receipts with the entire card number electronically printed on them, during 2010.

7.      You provided more than 1,000 customers credit card receipts with the entire card number electronically printed on them, during 2010.

8.      You provided more than 10,000 customers credit card receipts with the entire card number electronically printed on them, during 2010.

9.      You provided more than 3,000 taxi rides where the customer paid with a credit card in 2010.

3

10.     You knew that it was a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g) to print and provide an electronically printed credit card receipt that had the card number on it to a customer, during all of 2010.

11.     You knew that it was a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g) to print and provide a credit card receipt that had the card number on it to a customer, during January and February 2011.

12.     You received actual notice that the Fair Credit Reporting Act, 15 U.S.C. §1681c(g) prohibits printing credit card account numbers on credit card receipts provided to customers, before August 3, 2009.

13.     You received actual notice that the Fair Credit Reporting Act, 15 U.S.C. §1681c(g) prohibits printing expiration dates on credit card receipts provided to customers, before August 3, 2009.

## INTERROGATORIES

1.     Identify all transactions where you provided an electronically printed credit card receipt to a customer, between August 3, 2009, and August 23, 2011. Include all information you have about each individual transaction, including but not limited to: the date and time, credit card number, transaction number, amounts involved, taxi number, taxi driver, credit card processer, bank(s) involved and any other information you have.

2.     Identify each of the above transactions (along with the total number of such transactions), where the receipt provided to the customer had either the entire credit card number, and/or the expiration date on it.

4

3. Identify all persons or companies that you work with pertaining to credit card transactions, e.g. banks and processing companies, what the persons or companies do as to those transactions, and what those persons or companies did for any transaction in interrogatories 1 and 2.

4. Identify all insurance policies and bonds.

5. Identify all persons whose responsibilities included ensuring compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, including but not limited to the credit card truncation requirements of section 1681c(g).

6. Identify all documents that you have or had between 2002 and the present that mention credit card receipt truncation. (Likely sources of such information are credit card processor statements, emails, faxes advertising or bank statements).

7. Identify all facts and law you contend support any defense or affirmative defense you have raised or will raise in this case, as to plaintiff and any putative class member. A complete answer will at least: explain the defense, cite the facts the support the defense (including citation to bates number, or descriptions of the location and custodian for documents that are not produced), identify each person(s) with information regarding the defense and state what information each person has, how any documents, legal theories, and how data or testimony applies to such legal theories. **Please note, we will seek to bar any information or theories not specifically disclosed.**

8. With respect to each expert, retained or non-retained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his

expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1.      All documents, records, data, recordings and other materials relating to plaintiff, his credit card, Exhibit A, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff or any transaction where plaintiff was a party.

2.      A copy of each credit card receipt between August 3, 2009, and August 23, 2011.

3.      A copy of any document that supports or refutes any defense or affirmative defense you have.

4.      All documentation that concerns or relates to any of the following persons or transactions:

> All transactions where you provided an electronically printed credit card receipt to a customer, between August 3, 2009, and August 23, 2011.

5.      All contracts, data and communications (including internal and external) that concern credit cards, and credit card processing.

6.      All documents concerning any complaint (formal or informal) that you printed more information than appropriate on a credit card receipt. Please include all documents, including but not limited to: the complaint itself, any supporting documentation, your internal documentation, and your response.

7.      All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681.

8.      All organizational charts of defendant that include personnel (including persons at affiliates or third parties) credit card processing and compliance with the FCRA.

9.      All organizational charts of defendant showing ownership and/or corporate structure, including all affiliates.

10.     All documents, contracts and communications concerning any third party that deals with credit card processing.

11.     All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice concerning credit card processing or receipt truncation.

12.     All insurance policies, bonds or other agreements that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

13.     All statistics, studies and/or reports concerning account reviews.

14.     All documents relating to the creation or maintenance by defendant of policies, practices or procedures adapted to avoid violations of the F Fair Credit Reporting Act, 15 U.S.C. § 1681b.

15.     All documents that support or refute any defense you have raised or intend to raise in this case.

16.     A copy of all publications, white papers, seminars, or other documents or data that concern compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681.

/s/ Alexander N. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

8

## INSTRUCTIONS AND DEFINITIONS

### Definitions

A. The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or transcriptions of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B. References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C. "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D. "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E. "Identify" or "identification," when used with respect to a document, means to state the general nature' of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

F. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G. "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

H. "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

I. "FCRA" means the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

**Instructions**

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8. If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

## CERTIFICATE OF SERVICE

I, Alexander H. Burke, certify that on December 5, 2011, I served this document facsimile, United States Mail and placed it with a private process server for hand-delivery (along with an additional copy of the summons and complaint) to:

Blue Ribbon Taxi Association, Inc.
4020 W. Glenlake Ave.
Chicago, IL 60646

/s/Alexander H. Burke

11

# Exhibit A

```
BLUE RIBBON
CAB   3714
4[D5+8+++++8+++++
DW000800008800000
000080000800000880
02/08/11 TR 4186
START  END MILES
09:47 10:26 17.7
FARE :  $   35.45
EXTRA:  $    3.00
TOTAL:  $   38.45
TIP:    $
TOTAL:  $
AMEX   Exp
```