IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN O'HAGAN, on behalf of Himself and others similarly situated, | ) ) | 1:11-cv-5269 |
| Plaintiff, | ) ) | |
| | ) | Judge Zagel |
| v. | ) | Magistrate Judge Ashman |
| | ) | |
| BLUE RIBBON TAXI ASSOCIATION, INC., | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**MOTION FOR APPROVAL OF CLASS NOTICE**

Plaintiff respectfully requests that this Court approve the class notice attached as Appendix A, to notify the class of this action. In support of this motion, plaintiff states:

1. This is a Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act case, based upon the defendant providing electronically printed credit card receipts to plaintiff and the class with the entire credit card number and expiration date on them. 15 U.S.C. §1681c(g). On May 7, 2012, this Court granted plaintiff's motion for class certification, based upon defaulted requests for admission that there are 10,000 persons who defendant provided such receipts. Admitted requests for admission also establish that defendant's violation was willful and knowing.

2. Fed.R.Civ.P. 23(c) requires that the Court order notice to the class in cases certified under Fed.R.Civ.P. 23(b)(3) cases like this one:

> **For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:**
>
> **(i) the nature of the action;**
>
> **(ii) the definition of the class certified;**

> **(iii) the class claims, issues, or defenses;**
>
> **(iv) that a class member may enter an appearance through an attorney if the member so desires;**
>
> **(v) that the court will exclude from the class any member who requests exclusion;**
>
> **(vi) the time and manner for requesting exclusion; and**
>
> **(vii) the binding effect of a class judgment on members under Rule 23(c)(3).**

Fed.R.Civ.P. 23(c)(2)(B).

3.  In this case, the class members are not identified through any reasonable effort, particularly because defendant has refused to respond to any discovery at all. However, even if defendant had responded, it is not likely that it has any information regarding the credit card holders for the transactions that are the subject of this lawsuit. Notice by publication is therefore the "best notice that is practicable under the circumstances."

4.  Defendant is a Chicago-based taxi cab company that is based on the North Side of the city. Plaintiff submits that publication in the "City Zone" Chicago Tribune on a Weekday would satisfy Due Process, and would be the best practicable notice under the circumstances. As proposed, the notice would be 3.22 inches by 2.5 inches, and appear in the Chicagoland/Metro section of the newspaper. Estimated circulation for this publication is 107,244.

5.  Furthermore, the proposed notice attached as Appendix 1 satisfies all of the requirements in Rule 23(c)(2)(B).

WHEREFORE, plaintiff respectfully requests that the Court approve this notice, and approve publication as requested herein.

# Appendix 1

**NOTICE OF CLASS ACTION**

Blue Ribbon Taxi Association, Inc.

*O'Hagan v. Blue Ribbon Taxi Association, Inc.*, Case No. 1:11-cv-5269

If you paid for a taxi ride by credit card between January 1, 2010 and February 10, 2011, and were given an electronically printed receipt that included your full credit card number and expiration date, this notice may affect your rights. For more information, please visit www.BurkeLawLLC.com/BlueRibbon.

Blue Ribbon Taxi Association, Inc. ("Defendant") operates a taxi service in Chicago, Illinois. Kevin O'Hagan ("Plaintiff") sued Defendant, alleging violations of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g) ("FACTA"), by providing customers credit/debit card receipts displaying full credit card numbers and expiration dates. Defendant has not responded to the complaint, and has been held in default. The Court has not made a determination as to liability but certified this case as a class action for:

> All persons to whom Blue Ribbon Taxi Association, Inc. or any affiliate thereof, provided an electronically printed credit card receipt that had more than the last five digits of the credit card number printed on it, where the receipt was printed between and including January 1, 2010 to February 10, 2011.

The purpose of this Notice is to advise you: (1) of the case and its certification as a Class Action against Defendant and (2) of your rights with respect to remaining in or opting out of the Class. Your options are:

1) If you want to remain in the Class, you do not need to take any action. You will remain a member of the Class, be represented by Plaintiff and his attorneys, you will be able to seek damages from Defendant, and you will be bound by the judgment in this case, whether favorable or unfavorable.

2) If you wish to be excluded from the Class, you must write a letter stating "I want to be excluded from the O'Hagan v. Blue Ribbon Taxi Association, Inc. class action," and mail your letter, postmarked by [publication + 45 days] to Burke Law Offices, LLC, 155 N. Michigan Ave., Suite 9020, Chicago, IL 60601. You will not share in a recovery, if any, by the Class through settlement or judgment; and you will not be bound by a judgment against the Class, if any.

3) You may enter an appearance in the case at your own expense; otherwise you will be represented by Plaintiff's attorneys.

All inquiries should be addressed to Class Counsel at Burke Law Offices, LLC, 155 N. Michigan Ave., Suite 9020, Chicago, IL 60601, (312)729-5288.